**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF FLORIDA**

**Case No. 22-cv-22695-BLOOM/Otazo-Reyes**

EXXON MOBIL CORPORATION,

      Plaintiff,

v.

THE INDIVIDUALS AND BUSINESS ENTITIES
IDENTIFIED ON SCHEDULE "A,"

      Defendants.
_____/

**ORDER GRANTING MOTION TO STRIKE AFFIRMATIVE DEFENSES**

**THIS CAUSE** is before the Court upon Plaintiff Exxon Mobil Corporation's Motion to Strike Affirmative Defenses, ECF No. [57] ("Motion"), filed on November 16, 2022. Defendants had until November 30, 2022, to file a Response. *See* S.D. Fla. L.R. 7.1(c)(1). To date, Defendants have not done so. Defendants' failure to file a Response is sufficient cause for the Court to grant Plaintiff's Motion "by default." *Id*. Nonetheless, the Court proceeds with an analysis of Plaintiff's arguments to ensure that they at least assert plausible grounds for striking the affirmative defenses within Defendants' First Amended Affirmative Defenses, ECF No. [55]. Upon review of the Motion, the First Affirmative Defenses, the record as a whole, and the applicable case law, the Court concludes that Plaintiff has set forth plausible legal grounds for striking Defendants' affirmative defenses.

    **I.**    **DISCUSSION**

Beginning with Defendants' First Affirmative Defense, "Innocent Infringement as Limit to Damages," Defendants argue that, to the extent they infringed upon Plaintiff's products or

Marks, Defendants did not do so knowingly. ECF No. [55] at 5-6. In Plaintiff's Motion, Plaintiff argues that Defendants' state of mind is irrelevant because copyright and trademark infringement are strict liability offenses. ECF No. [57] at 4-8 (citing, *e.g.*, *River Light V, L.P. v. Tanaka*, No. 17-cv-228434, 2018 WL 5778234, at *7 (S.D. Fla. Nov. 2, 2018)). Plaintiff's argument is plausible and supported by case law. Given Defendants' failure to respond, Defendants' First Affirmative Defense is stricken.

As to Defendants' Second Affirmative Defense, "Equitable Estoppel," Defendants argue that the doctrine of equitable estoppel bars recovery against them because Defendants reasonably relied upon false statements from a third-party, Frank Chasimo, which led Defendants to unknowingly purchase and sell counterfeit product. ECF No. [55] at 6-7. In Plaintiff's Motion, Plaintiff plausibly argues that, within the context of trademark infringement, the doctrine of equitable estoppel only applies when the infringer relies upon statements or acts by the trademark owner. ECF No. [57] at 8. The doctrine is inapplicable to the present situation of Defendants' alleged reliance on statements from a third-party who has no apparent relation to Plaintiff. *Id.* Again, Plaintiff's argument is plausible and well-supported by case law. Given Defendants' failure to respond, Defendants' Second Affirmative Defense is stricken.

Turning to Defendants' Third Affirmative Defense, "Laches," Defendants assert that plaintiff is barred from recovery for using Plaintiff's Marks and products on Defendants' website because Plaintiff used those marks with the permission of Plaintiff's distributors. ECF No. [55] at 7-8. In its Motion, Plaintiff argues that the defense of laches requires Defendants to show that Plaintiff unreasonably delayed in asserting a right or claim, and that the delay caused undue prejudice. ECF No. [57] at 10 (citing *Citibank, N.A. v. Citibanc Gr., Inc.*, 724 F.2d 1540, 1546 (11th Cir. 1984)). Plaintiff has set forth a plausible argument, supported by controlling case law,

that Defendants' laches defense is legally insufficient for failing to allege that Plaintiff unreasonably delayed in bringing its claims. ECF No. [57] at 10. Given Defendants' failure to contest Plaintiff's argument, Defendants' Third Affirmative Defense is stricken.

In Defendants' Fourth Affirmative Defense, "Intervening Fraud," Defendants assert that false statements by third-party Frank Chasimo led Defendants to unknowingly purchase and sell counterfeit product. ECF No. [55] at 9. Plaintiff argues that this defense must be stricken because Plaintiff has not asserted a negligence claim against Defendants, so any alleged intervening cause is irrelevant to Plaintiff's claims. ECF No. [57] at 11. Plaintiff further argues that this "Intervening Fraud" defense, in arguing that Defendants did not knowingly use or misuse the counterfeit marks, is not an affirmative defense at all but rather a rebuttal of Plaintiff's claims. *Id*. at 12; *see also* ECF No. [1] ¶ 55 ("Defendants are intentionally using the MOBIL Marks knowing that it was [sic] selling or offering to sell counterfeit products and services."). Again, the Court finds that Plaintiff has set forth plausible arguments as to why this affirmative defense should be stricken. Given Defendants' failure to respond, Defendants' Fourth Affirmative Defense is stricken.

In their Fifth Affirmative Defense, "Failure to State a Claim of Relief Under Florida Statute," Defendants assert that Plaintiff has failed to state a colorable claim that Defendants acted with "the requisite knowledge required under [the Florida Deceptive and Unfair Trade Practices Act (FDUTPA)]." ECF No. [55] at 10. Plaintiff first argues that failure to state a claim is not an affirmative defense. ECF No. [57] at 13. Plaintiff further argues "FDUTPA plainly doesn't require plaintiffs to plead knowledge.". *Id*. at 14 (quoting *Rife v. Newell Brands, Inc.*, No. 20-cv-80021, 2022 WL 4598666, at *25 (S.D. Fla. Sept. 30, 2022)). Again, Plaintiff has set forth plausible arguments, supported by case law, to why this affirmative defense is insufficient as a matter of law. Given Defendants' failure to respond, Defendants' Fifth Affirmative Defense is stricken.

Finally, in their Sixth Affirmative Defense, "No or Nominal Damage Suffered for Purpose of Declaratory Relief", Defendants argue that Plaintiff's recovery under Count V of the Complaint ("Unfair Competition under Florida Law") is limited by Fla. Stat. § 495.161, Fla. Stat. § 501.211, and Fla. Stat. § 501.1205.[1] ECF No. [55] at 11. Plaintiff argues that Count V does not rely upon Fla. Stat. § 501 *et seq.*, but rather Fla. Stat. § 495.161 and Florida common law. ECF No. [57] at 15. Plaintiff further argues that "the legal standard for federal trademark and unfair competition, and for common law trademark infringement, are essentially the same," so Plaintiff's sufficient pleading of a federal infringement claim necessarily means that Plaintiff has sufficiently pled a claim under Florida law as well. ECF No. [57] at 15 (quoting *Monsanto Co. v. Campuzano*, 206 F. Supp. 2d 1239, 1250 (S.D. Fla. 2002)). Once again, Plaintiff's argument is plausible, supported by case law, and uncontested by Defendants. Accordingly, Defendants' Sixth Affirmative Defense is stricken.

## II.     CONCLUSION

For the foregoing reasons, Plaintiff's Motion to Strike Affirmative Defenses, **ECF No. [57]**, is **GRANTED**. The six affirmative defenses within Defendants' First Amended Affirmative Defenses, ECF No. [55], are **STRICKEN**.

**DONE AND ORDERED** in Chambers at Miami, Florida, on December 13, 2022.

_____
**BETH BLOOM**
**UNITED STATES DISTRICT JUDGE**

Copies to:

Counsel of Record

---

[1] The Court points out that Fla. Stat. § 501.1205 does not appear to exist.