UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

Case No. 22-cv-22695-BLOOM/Otazo-Reyes

EXXON MOBIL CORPORATION,

    Plaintiff,

v.

M&J SUNSHINE, CORP. and
JOSE F. OCHOA,

    Defendants.
_____/

## STIPULATED FINAL JUDGMENT AND PERMANENT INJUNCTION

**THIS CAUSE** is before the Court upon the Parties' Joint Motion for Entry of Stipulated Final Judgment and Permanent Injunction, ECF No. [86] ("Motion"), filed on May 19, 2023. The Court has carefully considered the Motion, the record, and the governing law. For the reasons stated below, the Court grants the Motion and enters this Stipulated Final Judgment and Permanent Injunction.

    **I.**    **BACKGROUND**

This is a case of trademark infringement arising under the Lanham Act, 15 U.S.C. §§ 1114, 1116, and 1125, and other related claims under Florida law. *See* Complaint, ECF No. [1]. Plaintiff Exxon Mobil Corporation alleges that Defendants M&J Sunshine Corp. and Jose Ochoa sold counterfeit Mobil-branded motor oils and lubricants. *Id*.

On March 30, 2023, the parties represented that they had reached a settlement agreement. ECF No. [84]. On May 19, 2023, they filed the instant Motion, wherein the parties confirm that they have settled all claims in this matter, and agree to Final Judgment in the amount of $5,000,000 and entry of a permanent injunction against Defendants. ECF No. [86].

II. **LEGAL STANDARD**

The Lanham Trademark Act makes a defendant liable for using in commerce, without the consent of the registrant, any reproduction, counterfeit, copy, or colorable imitation of a registered mark in connection with the sale, offering for sale, distribution, or advertising of any goods or services on or in connection with which such use is likely to cause confusion, or to cause mistake, or to deceive. 15 U.S.C. § 1114(a). In counterfeiting cases, a plaintiff may elect to recover statutory damages of up to $200,000 per counterfeit mark per type of goods or services sold, offered for sale, or distributed. *Id.* § 1117(c). And if the court finds that use of the counterfeit mark was willful, the plaintiff may recover up to $2,000,000 per counterfeit mark. *Id.* § 1117(c)(2). The Lanham Act also authorizes courts to grant injunctive relief "to prevent the violation of any right of the registrant of a mark registered in the Patent and Trademark Office[.]" *Id.* § 1116(a).

"To obtain a permanent injunction, a plaintiff must show (1) that he has suffered an irreparable injury; (2) that his remedies at law are inadequate; (3) that the balance of hardships weighs in his favor; and (4) that a permanent injunction would not disserve the public interest." *Barrett v. Walker Cnty. Sch. Dist.*, 872 F.3d 1209, 1229 (11th Cir. 2017) (citation omitted).

III. **ANALYSIS**

According to the parties' joint stipulation, Defendants admit that they willfully used in commerce counterfeits of at least five Mobil Marks. ECF No. [86-1] at 4. They agree that they are liable for up to $10,000,000. *Id.*; *see* 15 U.S.C. § 1117(c). The parties have agreed to a Final Judgment in the amount of $5 million and a permanent injunction prohibiting Defendants from using the Mobil Marks, selling any products bearing Plaintiff's trademarks, and selling counterfeit Mobil-branded products. ECF No. [86].

The Court finds the parties' agreement reasonable, and the Court also agrees that all four permanent injunction factors favor a permanent injunction being entered in this case. The

likelihood of confusion caused by the sale of counterfeit goods constitutes irreparable harm. *See Davidoff & CIE, S.A. v. PLD Int'l Corp.*, 263 F.3d 1297, 1304 (11th Cir. 2001). There is no adequate remedy at law for injury caused by continuing infringement. *Chanel, Inc. v. besumart.com*, 240. F. Supp. 3d 1283, 1290 (S.D. Fla. 2016). The balance of hardships favor injunctive relief because Defendants face no hardship if they are prohibited from committing the illegal act of trademark infringement. *Id*. at 1290-91. Finally, "the public interest is served by preventing consumer confusion in the marketplace." *Davidoff*, 263 F.3d at 1304.

## IV.   CONCLUSION

Accordingly, it is **ORDERED AND ADJDUGED** as follows:

1. The Motion, **ECF No. [86]**, is **GRANTED**.

2. The Stipulated Final Judgment and Permanent Injunction, **ECF No. [86-1]**, is **APPROVED**. It is therefore **ORDERED** that:

    a. Defendants, their officers, agents, employees, managers, members, parents, subsidiaries, related and affiliated companies, successors, assigns, and all those in active concert or participation with any of them, are permanently enjoined and restrained from using the MOBIL Marks and any other trademarks owned by ExxonMobil, or any trademark bearing the word "Mobil," or any confusingly similar variation of those trademarks, and from manufacturing, importing, exporting, advertising, promoting, offering to sell, selling, distributing, or transferring any products bearing and/or using the MOBIL Marks, or any confusingly similar mark or designation.

    b. Defendants shall, within fifteen (15) days of the date of this Final Judgment, deliver to ExxonMobil for destruction, or cause to be destroyed and provide proof of destruction, any and all products, and any other materials in

Defendants' possession, custody or control that use, bear, or depict the MOBIL Marks, including any element thereof, and any other Mobil trademark or mark confusingly similar thereto, or, in the event no such products or materials are in Defendants' possession, custody, or control, certify same under oath.

c. Defendants are to serve upon ExxonMobil, within thirty (30) days after the entry of this Order, a report in writing and under oath setting forth in detail the manner and form in which Defendants have complied with the foregoing terms of this Order.

d. Judgment in the amount of **$5,000,000.00** is hereby entered against Defendants, jointly and severally, in favor of Plaintiff Exxon Mobil Corporation. In partial satisfaction of this judgment, the **Clerk of the Court** shall **RELEASE** the bond in the amount of $100,000 and pay it to ExxonMobil.

e. Each party shall bear its own expenses and attorneys' fees incurred in this litigation.

f. This is a consented Final Judgment to which all parties expressly represent that they waive all rights of appeal.

g. To the extent not otherwise disposed of, all pending options are **DENIED AS MOOT** and all deadlines are **TERMINATED**.

h. The Clerk of Court is directed to **CLOSE** this case for administrative purposes.

i. The Court shall retain jurisdiction for the sole purpose of enforcing this Final Judgment and the terms of the settlement agreement between the parties.

Case No. 22-cv-22695-BLOOM/Otazo-Reyes

**DONE AND ORDERED** in Chambers at Miami, Florida, on May 22, 2023.

_____
**BETH BLOOM**
**UNITED STATES DISTRICT JUDGE**

Copies to:

Counsel of Record